UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA :
:  CRIMINAL NO. 04-373 (MLC)
v. :
:
STOP HUNTINGDON ANIMAL :  **ORDER ON PRETRIAL MOTIONS**
CRUELTY USA, INC., :
KEVIN KJONAAS, a/k/a "Kevin :
Jonas," a/k/a "Steve Shore," :
a/k/a "Jim Fareer," :
LAUREN GAZZOLA, a/k/a "Angela :
Jackson," a/k/a "Danielle :
Matthews," :
JACOB CONROY, :
JOSHUA HARPER, :
ANDREW STEPANIAN, :
DARIUS FULLMER, and :
JOHN McGEE :
:

RECEIVED
APR 15 2005

This matter having been opened before the Court on pretrial motions of the defendants as set forth below; and the Court having reviewed the memoranda of law and submissions of defense counsel, as well as the memorandum of law submitted by the Government; and all defendants having joined in said motions insofar as applicable to them, as provided in Order filed on April 5, 2005; and the Court having conducted oral argument on said motions on April 15, 2005; with the Government represented by Assistant United States Attorneys Charles B. McKenna and Ricardo Solano, who appeared for Christopher J. Christie, the United States Attorney for the District of New Jersey; with the following defense counsel having appeared: Andrew F. Erba for defendant SHAC USA; Isabel McGinty for defendant Kevin Kjonaas; H. Louis Sirkin for defendant Lauren Gazzola; Hal K. Haveson for

defendant Jacob Conroy; James R. Murphy for defendant Joshua Harper; Jerome A. Ballarotto (and Bruce L. Throckmorton, in anticipation of CJA appointment) for defendant Andrew Stepananian; Robert A. Obler for defendant Darius Fullmer; and Michael J. O'Donnell of the office of Joshua Markowitz for defendant John McGee; and the Court having considered the issues presented and the arguments of counsel; and for the reasons stated by the Court on the record,

IT IS on this 15th day of April, 2005, **ORDERED AS FOLLOWS** as to the specified motions by defendants:

1. Each letter request by other defendants to join in the motions of co-defendants is GRANTED.

2. The motions for early disclosure of of Jencks Act material, Giglio material and related relief (docket entries 90, 96 and 97) are GRANTED IN PART AND DENIED IN PART AS FOLLOWS: The government has agreed to produce Jencks Act and Giglio material three (3) business days before each witness testifies, with the exception of any testifiying confidential informants or cooperating witnesses, as to which the Court will review the production schedule with the government in camera.

3. The motion for discovery under Rule 404(b) (docket entry 92) is DISMISSED AS MOOT. The Court notes that the government has agreed to provide a letter identifying some pre-indictment events that it plans to refer to in the evidence, whether such evidence is or is not to be analyzed under Rule 404(b).

4. The motion to exclude 404(b) evidence (docket entry 95) is DENIED WITHOUT PREJUDICE and may be renewed in limine and during trial.

5. The motions for suppression of evidence obtained by Title III interception and by search warrant, and for evidentiary hearing relating to suppression (docket entries 94, 98, 100, and part of docket entry 31) are DENIED.

6. The motions for severance of the claims as against each individual movant (docket entry 93 and part of docket entry 27) are DENIED.

7. The Clerk will mark the motions found at docket entries 90, 92, 93, 94, 95, 96, 97, 98 and 100 as DECIDED, as provided in paragraphs 2 though 6 above.

8. The Clerk will leave open the motions found at docket entries 27 and 31 as RESERVED IN PART, as to the pending motions to dismiss the Superceding Indictment.

9. The Clerk will mark the motion found at docket entry 109 as CLOSED. The document filed at that entry is a reply brief, and not a separate motion.

_____
**MARY L. COOPER**
United States District Judge